JONATHAN DARLING

*vs.*

PASSADUMKEAG LOG DRIVING COMPANY.

*Corporation. Log Driving. Contracts. Negligence. Special Laws, 1883, c. 229; 1885, c. 383.*

A corporation that lets, by contract, to each of several persons, the driving of logs in the same stream, is not liable to them for their torts upon each other.

ON EXCEPTIONS.

This was an action of assumpsit to recover for plaintiff's services in driving logs for the defendant, in Passadumkeag river during the season of 1891, under a contract with the corporation. The corporation is empowered by charter to drive all logs and timber at their owners' expense, during the driving

season, from certain points, viz : Saponac pond and Nicatous lake, down said river to its boom at the mouth of the river, taking the logs when they come into the company's limits where the owners are required to deliver them at their own cost to the company. The jury returned a verdict for the defendant, and the plaintiff took exceptions.

The facts are found in the opinion.

*Jasper Hutchings* for plaintiff.
*Charles A. Bailey*, for defendant.

HASKELL, J. The defendant is a corporation, chartered (c. 229, 1883 ; c. 383, 1885) to drive all logs and timber seasonably in the Passadumkeag river during the driving season, between the dam at the foot of Nicatous lake and Saponac pond, to the boom at the mouth of the river, some twenty miles below the lake. When the logs and timber arrive in the boom, a lien for the cost of driving attaches to it, and is to be paid by the owners of it.

In the spring of 1890, the company let, by contract, to plaintiff the drive below the foot of Grand Falls, known as "the first drive," and the drive above it and below the mouth of Nicatous stream, known as the "second drive ;" to one Page, the drive between Nicatous lake and Grand Falls known as the "third drive," but not to include any logs that "may have been taken by the first or second drives." The limits of the third drive include the Passadumkeag above the falls that is also within the limits of the second, manifestly for the purpose of taking those logs that come down the Passadumkeag above Nicatous stream, or into it from the Madagascal after the second drive shall have started. All the contracts required the drives to start when the company shall direct.

The first drive was seasonably driven in. The second drive was ordered to start May 10th. The third drive was started by Page without orders from defendant, and on the same day some of the logs began running out of the Nicatous stream into the Passadumkeag, and into the rear of the plaintiff's second drive, the body of it being over Grand Falls. The second and third drives thus became mixed, and the plaintiff claimed the contract price

for driving both.   The cause of the mixture may have been the fault of either plaintiff or Page, or of both of them.

Exception is taken to the ruling that in either case the defendant would not be liable.   This was not error.   The defendant did not engage by contract to be responsible for the torts or negligence of either plaintiff or Page.   On performance of their respective contract labor, the defendant became liable to pay the contract price.   Suppose each of two contractors agree to haul lumber for the same owner, over the same highway, on what principle is he liable for their torts upon each other or upon strangers ?   If they are mere fellow-servants, certainly he is not liable for injuries between them ;   if not, then he is not responsible for their conduct towards any one.   Had the mischief arisen from the defendant's fault in ordering the respective drives, or either of them, to start at an improper time, the case might be different, for then it might have been the necessary result of the defendant's contract duty towards each.   Page started without orders, on his own account, and at his own risk.   If the plaintiff has any remedy, it is against Page.

Certain Passadumkeag logs came into the company's limits, below the mouth of the Nicatous, after the first and second drives had been driven in.   Plaintiff claims the contract price for driving them, because, had Page not prematurely sent the lake water down the Nicatous and caused back water in the Passadumkeag above, these logs would have seasonably come within his limits and have been subject to his contract.   But they were not there when he was ordered, under the terms of his contract, to start his drive.   When that order was given, and there is no evidence to show that it was improperly given, his rights became fixed.   He must move, not wait.   Here again is no injury from any improper act of defendant.   If plaintiff was unlawfully deprived of any part of his drive, it was the act of Page, not of defendant, that did it.   The instruction, relieving the defendant on this score, was manifestly correct.   No other exceptions are pressed.                      *Exceptions overruled.*

PETERS, C. J., VIRGIN, LIBBEY, FOSTER and WHITEHOUSE, JJ., concurred.